UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

W.A. GRIFFIN, M.D.,

    Plaintiff,

vs.                                          Case No. 8:16-cv-01243-T-27AEP

PUBLIX SUPER MARKETS, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Attorneys' Fees (Dkt. 22), which Plaintiff opposes (Dkt. 23). Plaintiff brought this action against Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] Her claims were dismissed with prejudice (Dkt. 21) and Defendant seeks to recover its attorneys' fees pursuant to ERISA's fee-shifting provision. Upon consideration, Defendant's Motion (Dkt. 22) is **GRANTED.**

ERISA provides that in any action "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132 (g)(1). This provision does not create a presumption in favor of awarding fees and requires a degree of success on the merits. *Hardy v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010); *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1268 (11th Cir. 2008). District courts consider five factors in determining whether to award attorneys' fees under ERISA: "(1) the degree of the opposing parties' culpability or bad faith; (2) the

---

[1] This matter is one of a series of actions brought by Plaintiff in federal courts with similar allegations. *See Griffin v. Sevatec, Inc.*, No. 1:16-CV-0390-AT, ___ F.Supp.3d ___, 2016 WL 5122561, at *3 (N.D. Ga. July 5, 2016) ("Dr. Griffin has filed 23 cases before [the Northern District of Georgia]. All but 3 have been dismissed, almost all on the very same ground: her ability to bring her ERISA claims are based on an assignment that is not valid because the plan at issue contains a clear and unambiguous anti-assignment provision. The Eleventh Circuit has affirmed all 8 Griffin cases it has decided, almost all on this ground.")

1

ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and] (5) the relative merits of the parties' positions." *Id.* (alteration in original)(citation omitted).

Defendant has a degree of success on the merits because all of Plaintiff's claims were dismissed with prejudice. *Hardy*, 560 U.S. at 255. An award of attorney's fees is proper in this case and is supported by consideration of the *Byars* factors. Plaintiff shows some degree of bad faith because she continued to pursue this lawsuit after Defendant filed its motion to dismiss attaching the plan documents containing an unambiguous anti-assignment provision. *See Griffin v. Habitat for Humanity Int'l, Inc.*, 641 F. App'x 927 (11th Cir. Feb. 2, 2016). Plaintiff undoubtedly has some ability to pay as she did not move to proceed *in forma pauperis* and she does not contest that she has spent upwards of $20,000 in filing fees in this series of cases. *See Griffin v. Humana Emp'rs Health Plan of Ga., Inc.*, No. 1:15-cv-3574-AT, Dkt. 15 at 5 (N.D. Ga. Mar. 8, 2016) (order requiring Dr. Griffin to pay $2,201.25 in attorneys' fees in a similar case). While past awards of attorneys' fees did not deter her from continuing to pursue this case, it may deter her and others from continuing to pursue identical claims. *See id.*; *Sevatec, Inc.*, 2016 WL 5122561, at *3 (explaining to Dr. Griffin the potential for future Rule 11 sanctions for continuing to file "carbon-copy cases"). The relative merits of the parties' positions is evident in the dismissal of Plaintiff's claims with prejudice. Considering the factors and the record in this case, Defendant is entitled to recover attorneys' fees.

The lodestar method is used to determine the amount of reasonable attorneys' fees "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly

rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). And, "[t]he determination of reasonable attorneys' fees is left to the sound discretion of the trial judge." *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187 (11th Cir. 1983) (citations omitted).

Twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) are often considered along with the prevailing market rate in the relevant legal community in determining a reasonable fee. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

Defendant seeks attorneys' fees for 5.5 hours expended by Rachel A. Purcell, 1.6 hours expended by Robert F. Parsley, and 54.3 hours expended by Michael P. Kohler for legal services rendered from May 25, 2016 through July 29, 2016. Considering the *Byars* factors, only the 20.3 hours expended by Mr. Kohler from June 29 through July 29 after Plaintiff filed her opposition to Defendant's motion to dismiss will be awarded.[2]

---

[2] Ms. Purcell's time on July 5, 2016 spent drafting a certificate of interested persons pursuant to Rule 7.1 is redundant of what Mr. Sisco had already performed on June 20, 2016 (Dkt. 12). And Mr. Parsley's time to review a one paragraph order granting leave to file a reply brief is excessive. (*See* Dkt. 19). Notwithstanding, neither Ms. Purcell nor Mr. Parsley are admitted to the bar of this Court. *See e.g. Idaho Sporting Cong., Inc. v. Alexander*, 23 F. App'x 713, 714 (9th Cir. 2001) ("Failure . . . to properly and timely secure pro hac vice admission before the district court was a sufficient reason to deny [non-admitted attorney's] application for attorneys' fees."); *Gsell v. Rubin & Yates, LLC*, 41 F. Supp. 3d 443, 452 (E.D. Pa. 2014) (denying attorneys' fees to attorney who violated local rules regarding admission to practice); *Mortenson v. Barnhart*, No. CA 2:07-1621-JFA, 2009 WL 9070961, at *4 (D.S.C. July 29, 2009) ("Public

Dale Sisco, local counsel on this case, avers that the rate of $335/hour for Mr. Kohler is comparable to those charged by firms of similar size in Tampa, Florida for similar service by attorneys of comparable experience. This is reasonable and consistent with the market rate for attorneys with similar experience in the community.

This was not a challenging case for Defendant considering the number of orders and opinions issued in the Northern District of Georgia and the Eleventh Circuit in similar cases brought by Plaintiff. Nonetheless, time was spent and a favorable result was achieved. Considering the *Johnson* and *Byars* factors, Defendant is entitled to a reasonable attorney's fee of $6,800.50, reflecting the hourly rate of $335 for Mr. Kohler.

Accordingly, Defendant's Motion for Attorneys' Fees (Dkt. 22) is **GRANTED**. Plaintiff is directed to pay $6,800.50 in attorneys' fees to Defendant Publix Super Markets, Inc. within **forty-five days**.

**DONE AND ORDERED** this 2nd day of March, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro se* Plaintiff,
Counsel of Record

---

policy commands that there be no market for attorneys' services which flout a jurisdiction's licensure rules.").